**Electronically Filed
Supreme Court
SCWC-29131
14-MAY-2012
09:37 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

STATE OF HAWAIʻI, Respondent/Plaintiff-Appellee,

vs.

PATRICK K.K. HO, Petitioner/Defendant-Appellant.

NO. SCWC-29131

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. 29131; CR. NO. 05-1-0282(3))

May 14, 2012

RECKTENWALD, C.J., ACOBA, DUFFY, AND MCKENNA, JJ.;
WITH NAKAYAMA, J., DISSENTING

<u>AMENDED OPINION OF THE COURT BY ACOBA, J.</u>

We hold that under the circumstances here, the circuit court of the first circuit (the court) plainly erred when during jury selection it removed two jurors for cause on the motion of Respondent/Plaintiff-Appellee State of Hawaiʻi (Respondent) after the jury panel already had been passed for cause and Petitioner/Defendant-Appellant Patrick K.K. Ho (Petitioner) and Respondent had already exhausted their peremptory challenges.

This procedure violated Rule 24[1] of the Hawaiʻi Rules of Penal Procedure (HRPP), which provides that "[c]hallenges for cause may be made at any time <u>prior</u> to the exercise of peremptory challenges[,]" (emphasis added), and in effect abrogated the parity in the number of peremptories each side is guaranteed pursuant to Hawaiʻi Revised Statutes (HRS) § 635-30.[2]  As a result, we vacate Petitioner's April 24, 2008 judgment of conviction and sentence entered by the court and the December 1, 2011 judgment of the Intermediate Court of Appeals (ICA) and remand this case for a new trial.

I.

On May 3, 2004, Petitioner was indicted for three counts of First Degree Sexual Assault, HRS §§ 707-730(1)(b) and (1)(c),[3] and nine counts of Third Degree Sexual Assault, HRS §§

---

[1]    The various provisions of HRPP Rule 24 are discussed <u>infra</u>.

[2]    HRS § 635-30 (1993) provides:

In criminal cases, if the offense charged is punishable by life imprisonment, each side is entitled to twelve peremptory challenges. If there are two or more defendants jointly put on trial for such an offense, each of the defendants shall be allowed six challenges. <u>In all other criminal trials by jury each side is entitled to three peremptory challenges.</u> If there are two or more defendants jointly put on trial for such an offense, each of the defendants shall be allowed two challenges. <u>In all cases the State shall be allowed as many challenges as are allowed to all defendants.</u>

(Emphases added.)

[3]    HRS § 707-730 (Supp. 2004) provides in relevant part:

**§ 707-730. Sexual assault in the first degree.**  (1) A person commits the offense of sexual assault in the first degree if:

(continued...)

2

707-732(1)(b) and (1)(c).[4]  According to Respondent, Petitioner, who was 64 years old at the time, sexually assaulted his granddaughter (CW), the complaining witness, during a twelve-month period before and after her fourteenth birthday. Petitioner was tried, and the jury returned a verdict of guilty on two counts of First Degree Sexual Assault and three counts of Third Degree Sexual Assault.  Petitioner was acquitted of the remaining counts.

### A.

Petitioner appealed and raised two points before the ICA that are relevant to his Application for Writ of Certiorari

---

[3](...continued)
. . .

(b) The person knowingly engages in sexual penetration with another person who is less than fourteen years old;
(c) The person knowingly engages in sexual penetration with a person who is at least fourteen years old but less than sixteen years old; provided that:
  (i) The person is not less than five years older than the minor; and
  (ii) The person is not legally married to the minor;
. . .
(2) Sexual assault in the first degree is a class A felony.

[4]  HRS § 707-732 (Supp. 2004) provides in relevant part:

**§ 707-732. Sexual assault in the third degree.**  (1) A person commits the offense of sexual assault in the third degree if:
. . .

(b) The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person;
(c) The person knowingly engages in sexual contact with a person who is at least fourteen years old but less than sixteen years old or causes the minor to have sexual contact with the person; provided that:
  (i) The person is not less than five years older than the minor; and
  (ii) The person is not legally married to the minor
. . .
(2) Sexual assault in the third degree is a class C felony.

(Application). As to the first point, Petitioner argued that the court's refusal to disqualify two jurors who were sexually assaulted as teenagers compelled Petitioner to use two of his three peremptories to remove the jurors from the jury panel. In his Application, Petitioner relates that Juror 19 told the court that she had been sexually assaulted as a child "between the age [sic] of 11 to 14," "but nevertheless felt she could be fair." According to Petitioner, when "[a]sked by defense counsel if she understood the presumption of innocence, [Juror 19] said, 'there's a possibility that he is guilty because we're here.'" The court refused Petitioner's request to excuse Juror 19 for cause.

Petitioner also claims that the court erroneously failed to strike Juror 23a for cause. Like Juror 19, Juror 23a stated that she had been a victim of sexual assault, but claimed she could nevertheless be fair. She also reported having a friend in law enforcement. According to Petitioner, the court cut off defense counsel's attempt to question Juror 23a, and refused Petitioner's request to strike Juror 23a for cause.

Petitioner maintains that he "was forced [to] use two of his three peremptories to remove [Juror 19] and [Juror 23a] from the panel[,]" and that Respondent made no attempt to remove these jurors from the panel. Petitioner also claims "[h]e used the third [peremptory challenge] to remove [another] Juror [], who had found someone guilty in a prior criminal case and

4

testified she would find [Petitioner] guilty too if she only suspected his guilt."

As to his second point, Petitioner argued to the ICA that the court erred in removing two other jurors for cause at Respondent's request <u>after</u> Petitioner exercised all of his peremptories, based on identical grounds urged by Respondent before the parties exercised their peremptory challenges. Petitioner recounts in his Application that Respondent asked the court to disqualify Juror 43a and Juror 8a for cause because they allegedly had problems speaking or understanding English. The court initially refused to excuse the jurors for cause. After all the jurors were passed for cause, the parties exercised their peremptory challenges. Respondent did not use its peremptory challenges to excuse Juror 43a or Juror 8a, despite having challenged them for cause.

Petitioner relates that "[Respondent] waited until after [the panel had been passed for cause and] all peremptories had been exercised, and then 'renewed' [its] request to disqualify [Juror 43a and Juror 8a] based on the same grounds [given previously]":

> [Respondent:]  I'm going to again <u>renew my motion</u> to excuse for cause jurors in chairs number 2 and 5, [8a] and [43a] . . . on the grounds that they cannot communicate effectively in the English language.

(Emphasis in original.)

This time, <u>the court conducted additional voir dire and then</u> granted Respondent's motion to disqualify Juror 43a and Juror 8a, for the same reasons Respondent had urged before the

parties had exhausted their peremptory challenges. Petitioner states that "the court did not ask [Petitioner's] position on the renewed motion, presumably because <u>defense counsel had already passed both jurors for cause, and opposed the State's motion for disqualification</u> when it was lodged before the peremptories were exercised." (Emphasis in original.) Juror 43a and Juror 8a were replaced by Juror 7 and Juror 9, who were passed for cause. The court did not give the parties additional peremptory challenges with respect to the replacement jurors. Juror 7 and Juror 9 sat on the jury and participated in rendering the verdict.

B.

On November 14, 2011, the ICA upheld Petitioner's conviction in a split decision. <u>State v. Ho</u>, No. 29131, 2011 WL 5518045 (Haw. App. Nov. 14, 2011) (SDO). According to the ICA, on appeal, Petitioner contended that "his peremptory challenges were impaired because the Family Court (a) erred in refusing to dismiss Jurors 19 and 23a for cause because both jurors stated during <u>voir dire</u> that they were sexually assaulted in the past and (b) 'lacked jurisdiction' to dismiss jurors 43a and 8a for cause, and to replace them with jurors 7 and 9, after peremptory challenges had been made." <u>Id.</u> at *1. The ICA majority concluded as to the first alleged error that the court did err in not striking Juror 19 and Juror 23a for cause. <u>Id.</u> However, the majority concluded that Petitioner failed to meet his burden of establishing that his right to exercise peremptory challenges was

6

denied or impaired.  Id. (citing State v. Iuli, 101 Hawai'i 196, 205-06, 65 P.3d 143, 152-53 (2003)).

As to the second error alleged (regarding Juror 43a and Juror 8a), the majority concluded that "the fact that [Petitioner] did not object to jurors 7 or 9 for cause means that [Petitioner's] right of peremptory challenge was not denied or impaired."  Id. (citing State v. Graham, 70 Haw. 627, 634, 780 P.2d 1103, 1107-08 (1989)) (emphasis added).  The majority quoted the following language from Graham:

> A defendant . . . cannot sit in silence and accept a juror as unprejudiced and fair and then subsequently allege error in the retention of the same juror.
>
> The result can be no different where a member of the jury panel is not challenged for cause and is later excused on a peremptory challenge. No error can be predicated on the trial court's failure to excuse the proposed juror for cause since the court was not asked to rule on the matter and did not rule.

Id. (quoting Graham, 70 Haw. at 634, 780 P.2d at 1107-08) (ellipsis in original).

The majority did acknowledge that the ICA had twice "found plain error in trial courts' mishandling of challenges for cause and peremptory challenges" under HRPP Rule 24(d)[5] in State

_____

[5]    HRPP Rule 24(d) (2001) provides:

(d) Sequence for Challenging of Jurors. Challenges for cause may be made at any time prior to the exercise of peremptory challenges. The prosecutor and the defendant, shall alternately state their peremptory challenges, if any, the prosecutor beginning, and the defendant ending. In case there are more than two defendants in any case, the order of precedence of their challenges, if not agreed upon by them, shall be determined by the court.

(Emphases added.)  HRPP Rule 24(d) was amended in 2011 to incorporate several minor grammatical changes.  HRPP Rule 24(d) now provides:

(continued...)

7

v. Timas, 82 Hawai'i 499, 923 P.2d 916 (App. 1996) and State v.
Carvalho, 79 Hawai'i 165, 174, 880 P.2d 217, 226 (App. 1994).
Ho, 2011 WL 5518045, at *1 n.3. But it maintained,

> The Hawai'i Supreme Court, however, has never itself
> extended plain error to the issue of the ordering of
> peremptory and for cause challenges. Rather, the supreme
> court has, to this point, required first that defendants
> establish that peremptory rights have to be denied or
> impaired before a showing of prejudice will be excused.
> Iuli, 101 Hawai'i at 204, 65 P.3d at 151. Such an ordering
> of the analysis is particularly appropriate where, as here,
> the trial court could have-even at any time during trial
> under HRPP Rule 24(c)[6]-replaced jurors 43a and 8a if they

---

[5](...continued)
> (d) **Sequence for challenging of jurors**. Challenges for
> cause may be made at any time prior to the exercise of
> peremptory challenges. The prosecutor and the defendant
> shall alternately state their peremptory challenges, if any,
> the prosecutor beginning, and the defendant ending. In case
> there are more than 2 defendants in any case, the order of
> precedence of their challenges, if not agreed upon by them,
> shall be determined by the court.

These changes are not material.

[6]      HRPP Rule 24(c) (2001) provides:

> **(c) Alternate Jurors**. The court may direct that not more
> than 4 jurors in addition to the regular jury be called and
> impaneled to sit as alternate jurors who shall, in the order
> in which they are called, replace jurors who, prior to the
> time the jury retires to consider its verdict, become or are
> found to be unable or disqualified to perform their duties.
> An alternate juror who does not replace a regular juror
> shall be discharged when the jury retires to consider its
> verdict. When the court directs that one or more alternate
> jurors be impaneled, each defendant shall be entitled to 1
> additional peremptory challenge which may be used to
> challenge the alternate jurors only; and other peremptory
> challenges allowed to challenge the regular jurors shall not
> be used to challenge alternate jurors.

(Emphasis added.) Effective July 1, 2011, HRPP Rule 24(c) (2011) now states:

> **(c) Alternate jurors**. The court may direct that not more
> than 4 jurors in addition to the regular jury be called and
> impaneled to sit as alternate jurors who shall, in the order
> in which they are called, replace jurors who, prior to the
> time the jury retires to consider its verdict, become or are
> found to be unable or disqualified to perform their duties.
> When the court directs that one or more alternate jurors be
> impaneled, each defendant shall be entitled to 1 additional
> peremptory challenge which may be used to challenge the
> alternate jurors only; and other peremptory challenges

(continued...)

> were found "unable or disqualified to perform their duties," and where the alleged error could have been rectified by allowing additional peremptory challenges, if it had first been brought to the trial court's attention. Under the circumstances, we believe that the application of plain error is unwarranted.

Id. (emphases added).

The ICA dissent was silent as to Petitioner's contention that the court erred in failing to excuse Juror 19 and Juror 23a for cause. However, as to Juror 43a and Juror 8a, the dissent would have held that Petitioner's "right to exercise his peremptory challenges was impaired." Id. at *3 (Ginoza, J., dissenting) (citing Timas, 82 Hawaiʻi at 499, 923 P.2d at 916, Carvalho, 79 Hawaiʻi at 165, 880 P.2d at 217, and HRPP Rule 24(d)). According to the dissent, the ICA "has held as to alternate jurors that 'the defendant shall not be called upon to exercise [peremptory] challenge[s] until all potential alternate jurors have been examined and passed on challenges for cause[.]'" Id. at *4 (quoting Timas, 82 Hawaiʻi at 509, 923 P.2d at 926 (quoting Carvalho, 79 Hawaiʻi at 172, 880 P.2d at 224)).

The dissent reasoned that (1) Respondent "challenged jurors 43a and 8a for cause, but they were not initially dismissed"; (2) after Petitioner "used his last peremptory

---

[6](...continued)
> allowed to challenge the regular jurors shall not be used to challenge alternate jurors. When the regular jurors retire to begin deliberations, the alternate jurors may be held in recess until a verdict is received. If an alternate juror replaces a regular juror after deliberations have begun, the court shall instruct the jury to begin its deliberations anew.

The differences between the two versions of the rule do not affect the outcome of this case.

9

challenge, [Respondent] renewed its 'for cause' challenge to jurors 43a and 8a, who were then dismissed for cause"; and (3) "jurors 7 and 9 were then added to replace jurors 43a and 8a." Id. The dissent concluded that "[e]ven though [Petitioner] did not challenge jurors 7 or 9 for cause or challenge the [court's] procedure, under Timas and Carvalho it was plain error to dismiss jurors 43a and 8a for cause and replace them with jurors 7 and 9 after [all of Petitioner's] peremptory challenges had been used." Id.

According to the dissent, there was no need for Petitioner to show prejudice because "'the denial or impairment of a defendant's right of peremptory challenge in a criminal case is reversible error not requiring a showing of prejudice.'" Id. (quoting Timas, 82 Hawaiʻi at 509, 923 P.2d at 926 (quoting Carvalho, 79 Hawaiʻi at 174, 880 P.2d at 226)). The dissent distinguished Iuli and State v. Kauhi, 86 Hawaiʻi 195, 948 P.2d 1036 (1997), where trial courts allegedly abused their discretion in refusing to excuse a juror for cause and the defendant then utilized a peremptory challenge to remove that juror, from Carvalho and Timas, where "the right to exercise peremptory challenges is denied or impaired when a defendant is called on to exercise the challenges before prospective jurors are passed for cause." Id. (emphasis added).

II.

Petitioner lists the following questions in his Application:

> A. Did the ICA commit grave error, and render a decision inconsistent with supreme court and ICA precedent, when it acknowledged major errors during jury selection, but found no impairment of [Petitioner's] statury [sic] right to peremptory challenges?
>
> B. Did the trial court commit plain error, and impair "one of the most important rights secured to the accused in a criminal case," when it forced [Petitioner] to use two-out-of-three peremptories to remove patently biased jurors that should have been disqualified for cause?
>
> C. Did the trial court commit plain error, and impair "once of the most important rights secured to the accused in a criminal case," when it granted the state's "renewed" motion to disqualify two jurors after the exercise of peremptory challenges, based on identical grounds urged before?

(Capitalization omitted and emphases added.)

Respondent filed a Response to the Application (Response). Respondent contends that Petitioner's use of his peremptory challenges as to the sexually abused jurors (Juror 19 and Juror 23a) was not impaired because Petitioner did not ask for additional peremptory challenges, did not tell the court that his use of peremptory challenges was impaired, and did not challenge the impartiality of the final jury. Respondent cites Iuli, 101 Hawaiʻi at 200-02, 65 P.3d at 147-49, Ross v. Oklahoma, 487 U.S. 81, 83 (1988), and United States v. Martinez-Salazar, 528 U.S. 304, 307 (2000), in support of this contention. As to Juror 8a and Juror 43a, Respondent argues that by striking these jurors the court ensured that Petitioner's trial would be fair; that HRPP Rule 24(c) "seems to acknowledge" a court's authority to excuse jurors just prior to the time the jury retires to consider its verdict; and (apparently) that Petitioner should have requested additional peremptory challenges and should have objected.

11

Petitioner filed a Reply to Response to Application for Certiorari (Reply). In his Reply, Petitioner argues, as to Juror 19 and Juror 23a, that peremptory challenges are a necessary part of trial by jury. Petitioner further argues that he had to use two of his three peremptories to cure trial errors, and therefore the degree of impairment of his peremptories "far exceeds" the single peremptory lost to the defendants in Iuli, Ross, and Martinez-Salazar. As to Juror 8a and Juror 43a, Petitioner states that Respondent did not address the argument that the right to exercise peremptory challenges is denied or impaired when a defendant is called to exercise peremptory challenges before prospective jurors are passed for cause.

III.

The jury selection process is governed by HRS § 635-30 and HRPP Rule 24.[7] In cases like this one, that do not involve

---

[7] HRPP Rule 24 (a) and (b) (2001), provide as follows:

**(a) Conduct of Jury Selection.** At the discretion of the court, the parties may present a "mini-opening statement" to the jury panel prior to the commencement of jury selection. The mini-opening statement shall be limited to a brief statement of the facts expected to be proven. The court shall permit the parties or their attorneys to conduct the examination of prospective jurors or shall itself conduct the examination. In the latter event the court shall permit the parties or their attorneys to supplement the examination by such further inquiry as it deems proper.

**(b) Peremptory Challenges.** If the offense charged is punishable by life imprisonment, each side is entitled to 12 peremptory challenges. If there are 2 or more defendants jointly put on trial for such an offense, each of the defendants shall be allowed 6 peremptory challenges. In all other criminal trials by jury, each side is entitled to 3 peremptory challenges. If there are 2 or more defendants jointly put on trial for such an offense, each of the defendants shall be allowed 2 peremptory challenges. In all cases, the prosecution shall be allowed as many peremptory

(continued...)

an offense punishable by life in prison, each side is entitled to three peremptory challenges to strike the jurors on the panel who have been passed for cause. HRS § 635-30; HRPP Rule 24(b). In addition, HRPP Rule 24(c) allows up to four "alternate" jurors to be impaneled, in case one of the "regular juror[s]" becomes unqualified. The parties are given one peremptory challenge to strike alternate jurors. HRPP Rule 24(c).

Challenges for cause are permitted only <u>before</u> the exercise of peremptory challenges for both regular and alternate jurors. HRPP Rule 24(d). This means that when the parties exercise their peremptories they know who the potential regular jurors and the potential alternates are. <u>See</u> <u>id.</u> Once the jurors have been passed for cause, the prosecution and the defendant alternately state their peremptory challenges. HRPP Rule 24(d). In all cases, the prosecution is allowed only as many challenges as are allowed to the defendant. HRS § 635-30; HRPP Rule 24(b).

IV.

We believe that Question C in the Application must be answered in the affirmative and is dispositive. Accordingly, we do not reach Questions A and B. For the reasons stated herein, the case is remanded for a new trial.

---

[7](...continued)
        <u>challenges as are allowed to all defendants.</u>

(Emphases added.) HRPP Rule 24(a) and (b) did not change as a result of the 2011 amendments to HRPP Rule 24. HRPP Rule 24 (c) and (d) are reproduced <u>supra</u>.

A.

We begin by reviewing Carvalho, 79 Hawaiʻi 165, 880 P.2d 217, which is instructive. Carvalho involved HRPP Rule 24(c), under which a defendant is entitled to "[one] peremptory challenge which may be used to challenge the alternate jurors only." Pursuant to HRS § 635-30 and HRPP Rule 24(b), the prosecution "shall be allowed as many" peremptory challenges "as are allowed to all defendants." In Carvalho, the circuit court passed one alternate for cause and gave each party an opportunity to exercise a peremptory challenge. 79 Hawaiʻi at 171, 880 P.2d at 223. The prosecution indicated that it would "waive" its peremptory challenge and the defense exercised its peremptory challenge to strike the juror. Id. The circuit court then called another alternate juror. Id. At that point, the defendant could no longer exercise a peremptory challenge, having exhausted his one peremptory to strike the first juror. Id. However, the prosecution was given the opportunity to exercise another peremptory challenge. Id. The ICA held that the circuit court plainly erred because the defendant had been compelled to exhaust his peremptory challenge before all the alternates had been passed for cause, in violation of HRPP Rule 24(d), and the prosecution, in effect, was afforded a "second" peremptory challenge, in violation of HRS § 635-30 and HRPP Rule 24(b), which guarantee the parties an equal number of peremptory challenges. See id.

14

Similarly, in Timas, as in Carvalho, the ICA concluded that the circuit court plainly erred in calling and passing for cause an alternate juror after the defendant had exercised his one peremptory challenge. Timas, 82 Hawaiʻi at 509, 923 P.2d at 926. In Timas, which was a multi-defendant case, the circuit court called the first alternate juror and announced that each defendant would be entitled to one peremptory challenge. See id. at 507, 923 P.2d at 924. One of the defendants exercised his peremptory challenge. Id. The circuit court then called additional alternate jurors. Id. The same defendant was not able to exercise a peremptory challenge with respect to the additional alternate jurors, because he had exhausted his one peremptory challenge in striking the first alternate juror. Id.

The ICA held that the defendant's right to one peremptory challenge pertained to all of the alternate jurors and that the procedure used by the circuit court did not conform to that announced in Carvalho. Id. at 509, 923 P.2d at 926. The ICA also held that the defendant was not required to show prejudice, and that although the defendant had not raised the point on appeal, the defendant's statutory right to exercise a peremptory challenge had been impaired, resulting in a denial of his substantial rights. Id. The ICA therefore concluded that the plain error doctrine applied. Id.

V.

These cases illustrate the distinct nature of errors involving a court's failure to strike jurors for cause before the

15

parties have exercised their peremptories, and errors that occur _after_ the parties have exercised their peremptories. _Carvalho_ and _Timas_ involved an error that occurred _after_ the parties had exercised their peremptories. _Carvalho_, 79 Hawai'i at 171-72, 880 P.2d at 223-24; _Timas_, 82 Hawai'i at 509, 923 P.2d at 926. Because the _Carvalho_ court called additional alternate jurors after the defendants exercised their peremptory challenges, the defendants were not aware of the composition of the entire jury panel before exhausting their peremptory challenge. Therefore, the defendants were deprived of the opportunity to exercise their peremptory challenge with respect to _all_ of the alternate jurors. _Id._ In _Carvalho_, the ICA explained that the court's error was compounded because it allowed the prosecution an additional peremptory challenge after the defendant had exercised his single peremptory challenge. 79 Hawai'i at 171-72, 880 P.2d at 223-24. Under those circumstances, in _Carvalho_ and in _Timas_, the ICA concluded that the defendants' right to exercise peremptory challenges had been denied or impaired. _Carvalho_, 79 Hawai'i at 171-72, 880 P.2d at 223-24; _Timas_, 82 Hawai'i at 509, 923 P.2d at 926.

VI.

Under Question C in the Application, the issue is whether Petitioner's right to exercise peremptory challenges was impaired when the court entertained Respondent's challenges for cause after the parties had exercised their peremptory challenges.

16

A.

As mentioned, Petitioner contends that the court erred in striking Juror 43a and Juror 8a for cause upon Respondent's motion after all the jurors in the jury box had already been passed for cause. According to Petitioner, the practice of allowing Respondent two challenges for cause after peremptory challenges had been exercised is prohibited by HRPP Rule 24(d) and by case law, and resulted in Respondent effectively having two additional peremptory challenges. Petitioner states that:

> After exercising three peremptory challenges against other jurors, the State was allowed to renew its challenge for cause against [Juror 43a] and [Juror 8a], ostensibly giving it five peremptories to [Petitioner's] one. Moreover, [Petitioner's] sole peremptory was exercised before [Jurors 43a and 8a] were replaced. Two court rules require that challenges for cause be made 'prior to the exercise of peremptory challenges' . . . . Otherwise, litigants cannot compare the relative qualifications and attitudes of all 12 jurors examined and passed for cause . . . .

(Internal citations omitted and emphasis added.)

As noted before, the ICA majority concluded that Petitioner's right to exercise his peremptory challenges was not impaired because (1) Petitioner did not object to Juror 7 or Juror 9 for cause (citing Graham, 70 Haw. at 634, 780 P.2d at 1107-08); (2) under HRPP Rule 24(c) the court could have replaced Juror 43a and Juror 8a if these were found unable or disqualified to perform their duties at any time before trial; (3) under Iuli, Petitioner should have objected and asked for additional peremptory challenges; and (4) there was no plain error in the absence of an objection by Petitioner. Ho, 2011 WL 5518045, at *1. Respondent argues that (1) the court performed its duty to

17

ensure Petitioner's trial would be had before a fair and impartial jury; (2) HRPP Rule 24(c) seems to acknowledge the circuit court's authority to excuse jurors until just prior to the time the jury retires to consider its verdict; and (3) Petitioner should have objected and requested additional peremptory challenges.[8]

VII.

To reiterate, HRPP Rule 24(d) allows challenges for cause only before the parties have exercised their peremptory challenges. HRPP Rule 24(d) ("Challenges for cause may be made at any time prior to the exercise of peremptory challenges."). In Carvalho, in the context of alternate jurors, the ICA explained that the right to exercise peremptory challenges is a right that applies with respect to all potential alternate jurors, and that the courts were not allowed to give one party more peremptories than the other:

> Only after all potential alternates were passed for cause could Defendant properly exercise his one peremptory challenge as contemplated by HRPP Rule 24(c). The procedure [whereby the court asked the parties to exercise their peremptories after the first alternate was passed for cause and then passed another alternate for cause] prejudiced Defendant because he was compelled to exhaust his peremptory challenge before all the prospective alternate jurors were passed for cause.
>
> Moreover, once the State waived its challenge it was foreclosed from exercising any more peremptory challenges because the State is only "allowed as many peremptory challenges as are allowed to [the] defendant[ ]." HRS § 635-30; HRPP Rule 24(b). The court's procedure, as a matter of fact, resulted in the State gaining an extra challenge not afforded the defendant, giving it an unfair advantage in selecting the jurors who ultimately decided the case.

---

[8] Respondent does not mention the dissent and does not expressly take a position on plain error.

> We hold, therefore, that the defendant's right to one peremptory challenge to alternate jurors under HRPP Rule 24(c) is a right pertaining to <u>all</u> the alternate jurors and therefore the defendant shall not be called upon to exercise the challenge until <u>all</u> potential alternate jurors have been examined and passed on challenges for cause.

79 Hawaiʻi at 172, 880 P.2d at 224 (emphases added).

In light of HRS § 635-30, HRPP Rule 24, <u>Carvalho</u>, and <u>Timas</u>, it is evident that the procedure the court followed during jury selection was improper. Respondent only "renewed" its motion to have Juror 43a and Juror 8a struck for cause <u>after</u> the parties exhausted their peremptory challenges. As Petitioner contends, by striking jurors for cause after Petitioner exercised his peremptory challenges, (1) the court deprived Petitioner of the opportunity to compare and contrast the relative qualifications of the twelve jurors passed for cause before exercising his peremptory challenges; and (2) Petitioner was deprived of the opportunity to exercise any peremptory challenges with respect to the two jurors (Juror 7 and Juror 9) who replaced Juror 43a and 8a. <u>See</u> <u>Carvalho</u>, 79 Hawaiʻi at 172, 880 P.2d at 224 (holding, with respect to alternate jurors, that the right to exercise a peremptory challenge is a right pertaining to all the alternate jurors).

Further, by allowing Respondent to challenge two jurors for cause after both parties exhausted their peremptory challenges, the court for all practical purposes gave Respondent two additional peremptory challenges. Indeed, this case and <u>Carvalho</u> are essentially indistinguishable. <u>See</u> 79 Hawaiʻi 165,

19

880 P.2d 217. Here, as in Carvalho, when that court struck Respondent's jurors for cause after peremptories had been exercised, that court gave Respondent two additional opportunities to shape the jury. As discussed, for-cause challenges under HRPP Rule 24 should occur before peremptories to ensure the parties have the opportunity to exercise their peremptories as to all prospective jurors. Carvalho, 79 Hawaiʻi at 172, 880 P.2d at 224. By granting Respondent's motion to strike the jurors for cause after the parties had fully exhausted their peremptory challenges, the court in effect gave the prosecution additional peremptory challenges. This violated HRS § 635-30 and HRPP Rule 24(b) because the prosecution is only allowed "as many challenges as are allowed to [the] defendant[]."[9]

                              VIII.

        The ICA majority, however, did not believe that Petitioner's right to exercise his peremptory challenges was impaired because Petitioner "did not object to Jurors 7 or 9 for cause."[10] Ho, 2011 WL 5518045, at *1. The majority reasoned that a defendant cannot accept a juror as unprejudiced and unfair and then subsequently allege error in the retention of the same juror. Id. (citing Graham, 70 Haw at 634, 780 P.2d at 1107-08).

_____

    [9]    However, in the unusual circumstance where disqualifying factors may become evident after peremptory challenges have been exhausted, the circuit court, in the appropriate exercise of its discretion, may replace a juror. In such an instance, the parties should be afforded an equal number of peremptory challenges to the seating of the replacement jurors. This would preserve the parity among the parties with respect to peremptory challenges that is guaranteed by HRS § 635-30 and HRPP Rule 24(b).

    [10]    This section corresponds to the first argument made by the ICA and by Respondent. See supra p.17.

                              20

However, Petitioner's complaint as to the replacement of Juror 8a and Juror 43a with Juror 7 and Juror 9 was not that the latter were biased, but rather that, in effect, the prosecution was given additional peremptory challenges and therefore had an unfair advantage in shaping the jury.[11]  Respectfully, it would have been disingenuous for Petitioner to request that Juror 7 and Juror 9 be removed for cause because Petitioner apparently did not have reason to challenge those jurors for cause.

In a similar vein, Respondent contends that by removing Juror 8a and Juror 43a the court ensured that Petitioner's trial was fair.  This claim is debatable because, although Respondent claims that these jurors had trouble communicating in English, Petitioner objected to the removal of those two jurors, and the court initially agreed they should be passed for cause.  Cause aside, a party may prefer to keep the twelve jurors that have been passed for cause, sensing that those that remain in the jury pool may be less accepting of the party's position than others already seated.  In any event, as explained supra, it was violative of HRS § 635-30 and HRPP Rule 24(b) for the court, in effect, to give Respondent more peremptory challenges, and thus

---

[11]     The ICA majority's reference to Graham is inapposite.  In Graham, the defendant complained that he had to exercise his peremptory challenges with respect to jurors who should have been stricken for cause even though the defendant failed to challenge those jurors for cause.  70 Haw. at 634, 780 P.2d at 1108.  This court held that the defendant could not complain of the circuit court's failure to strike the jurors for cause because he had not challenged the jurors for cause before the circuit court.  Id.  Again, Petitioner's complaint here is not that Jurors 8a, 43a, 7, or 9 should have been removed for cause, but rather that Juror 8a and Juror 43a should not have been struck for cause upon Respondent's motion after the peremptory challenges, and that the fact that they were meant that, practically speaking, Respondent was able to exercise additional peremptory challenges.

21

more opportunities to shape the final jury membership, than were given to Petitioner.

                              IX.

          The ICA majority and Respondent, however, also cite the portion of HRPP Rule 24(c) that states that the court has authority to excuse jurors until just "prior to the time the jury retires to consider its verdict, [who] become or are found to be unable or disqualified to perform their duties," implying that it was not error for the court to strike Juror 8a and Juror 43a for cause after the parties had exhausted their peremptories.[12]  The language cited by the ICA majority and the Respondent have been taken out of context.  The quoted phrase is part of a sentence in HRPP Rule 24(c) that indicates that if a <u>regular juror</u> is found unable to perform his or her duties, the court may replace the regular juror with one of the alternate jurors <u>who has already been impaneled.</u>  Specifically, and to reiterate, HRPP Rule 24(c) states:

> The court may direct that not more than 4 jurors <u>in addition to the regular jury be called and impaneled to sit as alternate jurors who shall, in the order in which they are called, replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties.  An alternate juror who does not replace a regular juror shall be discharged when the jury retires to consider its verdict.</u> When the court directs that one or more alternate jurors be impaneled, each defendant shall be entitled to 1 additional peremptory challenge which may be used to challenge the alternate jurors only; and other peremptory challenges allowed to challenge the regular jurors shall not be used to challenge alternate jurors.

(Emphasis added.)

_____

     [12]     This section corresponds to the second argument made by the ICA majority and Respondent.  <u>See</u> <u>supra</u> p.17.

                              22

In other words, alternate jurors who have already been passed for cause and survived peremptory challenges and thus have been ultimately chosen as alternate jurors for the case may be used to replace "regular" jurors during trial when regular jurors, for some reason or another, become disqualified.  Id. Thus, by no means does HRPP Rule 24(c) change the procedure the court must follow during jury selection and allow the court to entertain motions to strike jurors for cause after the parties have already exhausted their peremptory strikes.  This reading of HRPP Rule 24(c) is foreclosed by HRPP Rule 24(d), which allows challenges for cause prior to the exercise of peremptory challenges.[13]

X.

The ICA majority and Respondent also believe that Iuli forecloses Petitioner's challenge to the court's grant of Respondent's renewed motion for cause, because Petitioner did not request additional peremptory challenges and, seemingly, because he did not point to any other jurors that he would have excused.[14]  However, Iuli was not concerned with the circumstances here and thus is distinguishable.  Iuli involved a challenge for cause made before the parties exercised their peremptory challenges.  101 Hawaiʻi at 200-05, 65 P.3d at 147-152.  This court declined to decide whether the circuit court

_____

[13]    A limited exception to this rule is described in footnote 10.

[14]    This section corresponds to the third argument made by the ICA majority and Respondent.  See supra, p.17.

23

erred in denying the defendant's challenge for cause, but held that the defendant had not shown that his rights were impaired because the defendant had not identified other jurors he would have struck and did not ask for additional peremptory challenges. Id. There was no allegation in Iuli that the court had done anything improper after the jurors were passed for cause and the peremptory challenges ended. See id. The parties in Iuli exercised their peremptories with full knowledge of the twelve jurors who had been passed for cause. See id.

Here, in contrast, the court struck two jurors for cause at Respondent's behest after the court had already passed the jurors for cause and after the parties had exercised their peremptories. As noted before, this meant that Petitioner did not have the opportunity to exercise his peremptories after comparing the relative qualifications of the twelve jurors passed for cause, that Petitioner was not able to exercise peremptories with respect to Juror 7 and Juror 9, and that Respondent for all practical purposes exercised two additional peremptory challenges. Iuli simply did not address a situation where the court allowed additional challenges to jurors after the parties have exercised their peremptories.

Instead, the court's error in this case is much more like that in Carvalho, 79 Hawaiʻi at 172, 880 P.2d at 224, where that court granted an additional peremptory challenge to the prosecution after the defendant had exercised his peremptory challenge. Iuli did not overrule Carvalho, and in fact cited

that decision approvingly.  Iuli, 101 Hawai'i at 204, 65 P.3d at 151.  Carvalho was also cited approvingly in Kauhi.[15]  See Kauhi, 86 Hawai'i at 198, 948 P.2d 1036 (explaining that because the right to exercise peremptory challenges is one of the most important secured to defendants, the denial or impairment of that right is reversible error not requiring a showing of prejudice) (quoting Carvalho, 70 Hawai'i at 172, 880 P.2d at 224)).

Accordingly, respectfully, the ICA was also wrong when it said, "The Hawai'i Supreme Court [has] never itself extended plain error to the issue of the ordering of peremptory and for cause challenges."  Ho, 2011 WL 5518045, at *1.  Iuli and Kauhi both cited Carvalho, in which the court applied the plain error doctrine, approvingly.  Moreover, in Iuli and Kauhi there was no need to apply the plain error doctrine because in both instances the defendants objected and asked the court to strike the contested jurors for cause.  See Iuli, 101 Hawai'i at 205-06, 65 P.3d at 152-53; Kauhi, 86 Hawai'i at 197-200, 948 P.2d at 1038-1041.

---

[15]  In Kauhi, the defendant challenged for cause a prospective juror because the juror was currently employed as a deputy prosecuting attorney with the City and County of Honolulu, the same office employing the prosecutor trying the defendant's case.  86 Hawai'i at 197-98, 948 P.2d at 1038-39.  The trial court denied the challenge for cause, and the defendant used his last peremptory challenge to excuse the juror.  Id. at 198, 948 P.2d at 1039.  Subsequently, the defendant requested two additional peremptory challenges and identified the jurors against whom he would utilize those challenges.  Id.  The request was denied.  Id.  This court held that the trial court erred in failing to excuse the juror for cause, and that because the defendant had to use his last peremptory challenge to excuse the erroneously retained juror, thereby foreclosing the defendant from peremptorily challenging at least one of the two additional prospective jurors he wanted to excuse, the defendant's right to exercise his peremptory challenges was denied or impaired.  Id. at 200, 948 P.2d at 1041.

Because Respondent was allowed to challenge jurors after the parties had exercised their peremptories, Respondent had an unfair advantage in selecting the jurors who ultimately decided the case. See id. Petitioner was therefore not able to exercise his rights to the same extent as Respondent. See HRS § 630-30 and HRPP Rule 24(b). Petitioner was unable to exercise his peremptories with respect to all of the twelve regular jurors because he had already exhausted his peremptories by the time the court, upon Respondent's motion, substituted Juror 43a and Juror 8a with Juror 7 and Juror 9. Petitioner can therefore establish that his statutory right to exercise peremptory challenges was impaired.

Further, as explained, supra, Petitioner need not establish prejudice in order to succeed. "[T]he denial or impairment of a defendant's right of peremptory challenge in a criminal case is reversible error not requiring a showing of prejudice." Timas, 82 Hawaiʻi at 509, 923 P.2d at 926 (internal citation and quotation marks omitted). Since the right to exercise a peremptory challenge is "one of the most important of the rights secured to an accused in a criminal case, the denial or impairment of that right is reversible error not requiring a showing of prejudice." Kauhi, 86 Hawaiʻi at 198, 948 P.2d at 1039 (quoting Carvalho, 79 Hawaiʻi at 172, 880 P.2d at 224); see also Iuli, 101 Hawaiʻi at 204, 65 P.3d at 151 ("[T]he denial or impairment of [the right to exercise peremptory challenges] is reversible error not requiring a showing of prejudice.") (quoting

Kauhi, 86 Hawaiʻi at 198, 948 P.2d at 1039 (quoting Carvalho, 79 Hawaiʻi at 172, 880 P.2d at 224))(ellipsis omitted).

Thus, "in this jurisdiction a defendant has a right to exercise his peremptory challenges as the statute provides and no court would uphold, as being nonprejudicial, the deprivation of the statutory right to exercise peremptory challenges, even though that right is solely dependent on statute, and not on a constitutional right." Carvalho, 79 Hawaiʻi at 174, 880 P.2d at 226 (quoting State v. Echineque, 73 Haw. 100, 107, 828 P.2d 276, 279 (1992)) (internal quotations and ellipsis omitted). As stated in Carvalho, "the denial or impairment of a defendant's right of peremptory challenge in a criminal case is reversible error not requiring a showing of prejudice." Thus, "the historical underpinning of peremptory challenges and substantial authority support the adoption of this rule." Carvalho, 79 Hawaiʻi at 174, 880 P.2d at 226.

XI.

Finally, the ICA would not have applied the doctrine of plain error because the court could have granted additional peremptory challenges had Petitioner objected.[16] Ho, 2011 WL 5518045, at *1 n.3. However, the ICA's approach would contradict both Carvalho, 79 Hawaiʻi at 174, 880 P.2d at 226, and Timas, 82 Hawaiʻi at 509, 923 P.2d at 926, in which plain error was taken from errors that are essentially indistinguishable from the one

---

[16] This section corresponds to the fourth argument made by the ICA majority, see supra p.17. As noted, supra, Respondent did not mention plain error or the dissent.

27

alleged here.  If the defendants' substantial rights were affected in those cases, as the ICA held, Petitioner's substantial rights were affected in this case.

Furthermore, as discussed, supra, in Carvalho, 79 Hawaiʻi at 174, 880 P.2d at 226, and Timas, 82 Hawaiʻi at 509, 923 P.2d at 926, as in this case, the defendant did not object to the court's improper procedure.  However, "appellate courts, in the public interest, may on their own motion, notice errors to which no exception has been taken if the errors are obvious, and if the errors otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings."  Carvalho, 79 Hawaiʻi at 174, 880 P.2d at 226 (internal quotation marks and citations omitted).  Thus, in Carvalho, the ICA concluded that the court's error was "obvious, and it affected the fairness and integrity of the jury selection process . . . [and therefore] required reversal."  Id.  Similarly, in Timas, where an alternate juror was improperly impaneled and the defendant did not raise the error on appeal, the ICA noticed the error and held that it was plain.  82 Hawaiʻi at 509, 923 P.2d at 926.  Likewise, in Kauhi, although the contested juror did not participate in rendering the verdict, this court nevertheless reversed the defendant's conviction when the circuit court erroneously failed to strike the juror for cause.  86 Hawaiʻi at 200, 948 P.2d at 1041.  In line with these cases, here the error was obvious and affected the fairness and the integrity of the selection process.

28

XII.

Based on the foregoing, the ICA's December 1, 2011 judgment and the court's April 24, 2008 judgment are vacated and the case remanded for a new trial.


Peter Van Name Esser,            /s/ Mark E. Recktenwald
for petitioner/
defendant-appellant.             /s/ Simeon R. Acoba, Jr.

Keith M. Kaneshiro,              /s/ James E. Duffy, Jr.
Prosecuting Attorney,
and Donn Fudo, Deputy            /s/ Sabrina S. McKenna
Prosecuting Attorney,
for respondent/
plaintiff-appellee.

